

FILED & ENTERED

SEP 14 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY wesley    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Daniel Borsotti<br><br>Debtor(s). | Case No.: 2:17-bk-16088-BB<br><br>CHAPTER 7<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF DISMISSAL ORDER; ORDER DENYING MOTION FOR SANCTIONS AGAINST CHAPTER 7 TRUSTEE AND TAKING OCTOBER 4, 2017 HEARING OFF CALENDAR**<br><br>(No hearing required) |

The Court, having reviewed and considered the Debtor's September 11, 2017 "Notice of Motion, Motion for Reconsideration of Dismissal Order August 31, 2017, Dkt. No. 67; Declaration Points and Authorities" (the "Motion to Vacate Dismissal") [Docket No. 85] and the Debtor's September 11, 2017 "Notice of Motion; Motion for Sanctions Against Trustee Elissa Diane Miller, Bar #120029; Declaration of Daniel Adam Borsotti; Points and Authorities" (the "Sanction Motion") [Docket No. 86], hereby makes the following findings of fact and conclusions of law:

1. An individual identifying himself as Daniel Adam Borsotti (the "Debtor") commenced the above chapter 7 case on May 17, 2017 (the "Case").

2. The Debtor signed a "Statement About Your Social Security Numbers" (Official Form 121) dated May 16, 2017, under oath, representing that he has a social security number and providing that number [Docket No. 3].

3. Elissa Miller (the "Trustee") has been appointed chapter 7 trustee in the Case.

4. The Court noticed a first meeting of creditors under Bankruptcy Code section 341(a) for June 22, 2017 at 10:00 a.m. (the "341(a) Notice") [Docket No. 2]. That notice was served on the Debtor at the address that he provided on the petition that commenced the Case.

5. The Court takes judicial notice that the 341(a) Notice advised the debtor that the first meeting of creditors would be held at 915 Wilshire Boulevard, 10th Floor, Los Angeles, CA 90017 and that **"The U.S. Trustee requires that individual debtors must provide to the trustee at the meeting of creditors an original picture ID and proof of SSN.  Failure to do so may result in the U.S. Trustee bringing a motion to dismiss the case. Permissible forms of ID include a valid state driver's license, government or state-issued picture ID, student ID, military ID, U.S. Passport or legal resident alien card."** [Docket No. 2, page 3, par. 13].

6. On June 23, 2017, the Trustee filed a "Notice of Continued Meeting of Creditors and Appearance of Debtor(s) [11 USC 341(a)] [Docket No. 17]. In that document, the Trustee advised the Debtor that:
    a. there would be a continued meeting of creditors under section 341(a) on July 13, 2017 at 11:00 a.m. at 915 Wilshire Boulevard, 10th Floor, Los Angeles, CA 90017; and
    b. represented that the 341(a) meeting was being continued because "You failed to appear at the 341(a) meeting previously scheduled in your matter."  That notice further advises the Debtor that "in the event

      you do not appear at said time and place, your case may be dismissed by the United States Bankruptcy Court."

7. On June 29, 2017, the Debtor filed his "Notice of Motion; Motion to Strike Docket No. 17 FTA Language; Affidavit of Borsotti; Points and Authorities" [Docket No. 24] (the "Motion to Strike").

8. In the Motion to Strike, the Debtor asks the Court to strike docket no. 17 on the ground that he attempted to attend the 341(a) meeting but "the marshals will not allow me to enter the court building at 255 E. Temple St., Los Angeles, CA 90012, for the June 22, 2017 hearing without a state-issued photo identification that satisfies federal standards." [Motion to Strike, p. 2 at lines 14-17.]

9. The Court denied the Motion to Strike in part because the Court found that the contents of docket entry 17 were accurate.  The Debtor failed to appear at the June 22, 2017 meeting of creditors at 915 Wilshire Boulevard.  As the Motion to Strike itself explains, the Debtor went to the wrong location for the meeting (namely, the Courthouse, rather than the US Trustee's office) and was prevented from entering due to his lack of government-issued identification.  He never appeared or even attempted to appear at the correct location on June 22, 2017.  [Docket No. 48.]

10. The Court cannot determine on this record what occurred at the 341(a) meeting scheduled for July 13, 2017:  whether that meeting ever went forward or whether the Debtor testified at that meeting; however, the docket reflects that the 341(a) meeting was thereafter continued to August 2, 2017 at 1:30 p.m. at 915 Wilshire Boulevard.  [See Docket No. 36, dated July 14, 2017].

11. The Court cannot determine on this record what occurred at the 341(a) meeting scheduled for August 2, 2017:  whether that meeting ever went forward or whether the Debtor testified at that meeting; however, the docket reflects that the 341(a) meeting was thereafter continued to August 29, 2017

1   at 10:00 a.m. at 915 Wilshire Boulevard.  [See Docket No. 61, dated August
2   7, 2017].

3   12. On August 31, 2017, the Trustee filed her "Chapter 7 Trustee's Motion to
4   Dismiss Bankruptcy Case and Declaration that Debtor(s) Failed to Appear at
5   Two 341(a) Meetings of Creditors" [Docket No. 75].  In response to that
6   motion, the Court dismissed the Case by order entered August 31, 2017.
7   [Docket No. 76].

8   13. Debtor filed his Motion to Vacate Dismissal on September 11, 2017.  In that
9   motion, the Debtor represents that, following the advice of this Court, he did
10  "go to" and "show up" at the August 2, 2017 meeting.  He does not mention
11  what happened at that meeting, whether he presented proper identification at
12  that meeting and whether the Trustee agrees that he made an appearance at
13  that meeting.  He does however discuss what happened at the August 29,
14  2017 meeting.

15  14. According to the Motion to Vacate Dismissal, the Debtor appeared at the
16  proper location on August 29, 2017 at 10:00 a.m., but apparently did not
17  provide the Trustee with what she considered to be proper identification.  The
18  Debtor identifies in the Motion to Vacate Dismissal the documents that he
19  claims he presented to the Trustee as identification:

   a. a birth certificate issued by the County of Los Angeles;
   b. a birth certificate allonge issued by the California Secretary of State,
   c. a birth certificate allonge issued by the Secretary of State of the United States of America;
   d. a witnessed and notarized photo-identification which meets known federal requirements; and
   e. qualified witnesses.

   Motion to Vacate Dismissal, p. 4 at lines 1 through 7.

-4-

15. The Debtor has not provided the Court with copies of any documents that he claims to have presented to the Trustee on August 29, 2017 as purported identification.

16. According to the Public Notice dated February 18, 2002 posted on the website for Region 16 of the Office of the United States Trustee,

> EFFECTIVE FEBRUARY 18, 2002, ALL INDIVIDUAL DEBTORS ARE REQUIRED TO PROVIDE PICTURE IDENTIFICATION AND PROOF OF SOCIAL SECURITY NUMBER TO THE TRUSTEE AT THE 341(a) MEETING
>
> ACCEPTABLE TYPES OF PICTURE IDENTIFICATION ("ID"):
> - Valid State Driver's License
> - Government ID
> - State Issued Picture ID
> - Student ID
> - Military ID
> - U.S. Passport or Legal Resident Alien Card
>
> * * *
>
> NOTE:  PICTURE ID AND PROOF OF SSN MUST BE ORIGINALS NOT PHOTOCOPIES.  ONE DOCUMENT MAY BE USED FOR PROOF OF BOTH ID AND SSN IF IT CONTAINS BOTH A PICTURE ID AND THE SSN.  DEBTOR(S)' ATTORNEY MAY NO LONGER VOUCH FOR THE IDENTITY OF THE DEBTOR(S).  ANY ID OR PROOF OF SSN OTHER THAN THOSE LISTED ABOVE MUST BE APPROVED BY THE U.S. TRUSTEE.

17. Bankruptcy Code section 521(h) provides as follows:
    (h) If requested by the United States Trustee or by the trustee, the debtor shall provide –

    (1) a document that establishes the identity of the debor, including a driver's license, passport, or other document that contains a photograph of the debtor; or

    (2) such other personal identifying information relating to the debtor that establishes the identity of the debtor.

18. Birth certificates do not contain pictures and do not constitute valid identification for debtors, as the Trustee cannot determine from that document whether the debtor is the person identified in that certificate.

19. The Court has no idea what an "allonge" to a birth certificate may be, and the Debtor has not provided copies of any such documents. The Court has no reason to believe that they could serve as valid photo ID for the debtor.

20. A debtor may not establish his identity by showing up with witnesses willing to testify as to his identity.

21. The Court cannot determine whether the "witnessed and notarized photo-identification which meets known federal requirements" that the Debtor claims to have shown the Trustee on August 29, 2017 in fact constitutes valid identification for the Debtor, as the Debtor has not provided the court with an original or a copy of that document. (Any document that the Debtor created himself will not constitute valid photo identification.)

22. The Motion to Vacate Dismissal does not explain the relevance of the letters attached to the motion concerning Social Security numbers. The Court takes judicial notice of the fact that Debtor testified under penalty of perjury that he has a social security number. The Motion does not discuss whether the Debtor has presented the Trustee with proof of his Social Security Number at any time.

23. There is no constitutional right to file a bankruptcy. The constitution merely authorizes Congress to establish uniform laws on the subject of bankruptcy

and does not require that such authority be exercised.  The Supreme Court has found that "There is no fundamental interest that is gained or lost depending on the availability of a discharge in bankruptcy." <u>United States v. Kras</u>, 409 U.S. 434 (1973).

24. The Debtor was put on notice, in writing, that the Trustee might request dismissal of his bankruptcy case if he failed to provide proper identification at his 341(a) meetings.  Absent such identification, the Trustee has no way to determine whether the individual that appears at the meeting is in fact the person that commenced the bankruptcy case and, more importantly in this case, whether the name being used by the individual that commenced the case is in fact the name of that individual.

25. It is essential to avoid bankruptcy fraud and identity theft that the Court and the U.S. Trustee require debtors to present valid photo ID.  It is appropriate for the Trustee to treat someone who fails to provide such ID as not having appeared at a 341(a) meeting.

26. The Court finds that the Debtor did not appear at the 341(a) meeting on June 22, 2017 and failed to present proper identifying documents at the 341(a) meeting on August 29, 2017.

27. As the Debtor has not offered this Court any reason to believe that he would if given the opportunity present a valid state or federal government issued identification if the dismissal were vacated, the Court finds that there is no reason to vacate the dismissal of his bankruptcy case to let this process simply repeat itself, as the Court cannot verify his identity.

28. The Court finds that an individual residing in the United States who is not willing to obtain, and has not demonstrated that he is unable to obtain, a valid state or federal government issued photo identification may not prosecute a bankruptcy case in this district.

29. On September 11, 2017, the Debtor brought the Sanction Motion, seeking sanctions against the Trustee for allegedly committing perjury in requesting dismissal of the Case based on the Debtor's failure to appear at two 341(a) meetings and set that motion for hearing on October 4, 2017 at 10:00 a.m. in Courtroom 1539 of the above-entitled Court.

30. For the reasons set forth above, the Court finds that the Trustee did not commit perjury in Docket No. 75. The Debtor did not appear at the June 22, 2017 341(a) meeting and failed to present proper identification at the August 29, 2017 meeting. Failing to present proper identification after having been advised of this requirement is tantamount to a failure to appear, as the Trustee cannot verify the Debtor's identity, making the examination useless.

In light of the foregoing, **IT IS HEREBY ORDERED** as follows:

1. The Motion to Vacate Dismissal is DENIED.
2. The Sanction Motion is DENIED.
3. The October 4, 2017 hearing on the Sanction Motion is taken off calendar. No appearance at that hearing will be permitted.

###

Date: September 14, 2017

Sheri Bluebond
United States Bankruptcy Judge